recovery should have been confined to the installments which had matured when the petition of intervention was filed, July 5, 1927. Such installments are those maturing on the 1st days of February, March, April, May, June, and July, 1927, six in number, aggregating $345. The judgment in favor of intervener should not exceed this sum. Upon certificate to that effect, when intervener's right to recover has been established by judgment, the Veterans' Bureau, as the Supreme Court says, will undoubtedly pay her the installments maturing in her favor after the commencement of the action.

■■■ In its supplemental order the court erred in rendering judgment for such installments maturing after the petition of intervention was filed, in allowing interest against the United States upon the monthly installments from the date they were found to be due, in allowing an attorney's fee based upon both principal and such interest, and in awarding costs against the United States. The attorney's fee allowable shall not "exceed 10 per centum of the amount recovered and to be paid by the bureau out of the payments to be made under the judgment or decree at a rate not exceeding one-tenth of each of such payments until paid." 38 USCA § 551.

The case is remanded to the court below, with directions to modify and correct the judgment by eliminating therefrom all installments adjudged in favor of intervener in excess of $345, and all interest and costs allowed and awarded against the United States. The attorney's fee likewise should be reduced to conform to the statute above set out.

The judgment in favor of plaintiff and intervener, when so modified and corrected in accordance with the views herein expressed, will stand affirmed.

Charles F. Cole, U. S. Atty., of Little Rock, Ark. (J. A. Tellier, Sp. Asst. to U. S. Atty., and Cleveland Cabler, Regional Atty., U. S. Veterans' Bureau, both of Little Rock, Ark., on the brief), for the United States.

H. R. Partlow, of Paragould, Ark., and Troy W. Lewis, of Little Rock, Ark., for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SCOTT, District Judge.

PER CURIAM.

The appellee obtained a judgment against the United States on a converted war risk insurance policy. As a part of the judgment, the court assessed the costs against the United States. No complaint is made by the government concerning any part of the judgment except that relating to costs and the only matter presented here is whether costs are allowable against the government in a case of this character. That matter has been decided by this court since the briefs were prepared on this appeal in the case of United States v. Mattie Puckett Worley (C. C. A.) 42 F.(2d) 197, handed down May 19, 1930, wherein it was determined that there is no liability on the part of the government for such costs.

The case is remanded to the court below, with directions to modify the judgment by eliminating therefrom the award of costs against the United States, and, when so modified, the judgment will stand affirmed.

---

### UNITED STATES v. MARTIN.
No. 8841.

Circuit Court of Appeals, Eighth Circuit.
May 31, 1930.

### TOMPLAIN et al. v. UNITED STATES.
No. 5614.

Circuit Court of Appeals, Fifth Circuit.
June 30, 1930.

Rehearing Denied Aug. 6, 1930.